Office of the U.S. Attorney, Robert I. Lester, Esq., John P. Reitman, Esq., Gumport, Reitman & Montgomery, Joseph L. Shalant, Esq., Joseph L. Shalant Law Offices, Elizabeth S. Angres, DAG, Office of the California Attorney General, Amber A. Logan, Esq., Nelson & Fulton, Los Angeles, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Thelma Spiritos and Polymnia Vouis ("Appellants") appeal the district court's denial of their motion for injunctive relief against bankruptcy trustee, R. Todd Neilson, and his counsel. Because the district court subsequently dismissed appellants' action against these appellees, appellants' interlocutory appeal is merged with the dismissal of the claims. *See Securities & Exch. Comm'n v. Mount Vernon Memorial Park,* 664 F.2d 1358, 1361 (9th Cir. 1982). Therefore, the appeal of the denial of their motion for injunctive relief is moot. *See Mount Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1450 (9th Cir.1992) (stating that when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue is therefore moot). Accordingly, we dismiss appellants' appeal of the denial of injunctive relief as moot. *See Sample v. Johnson,* 771 F.2d 1335, 1338 (9th Cir.1985) (holding

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that federal courts lack jurisdiction to decide moot issues).

DISMISSED.

Calvin L. JONES, Petitioner–Appellant,

v.

Tom L. CAREY, Respondent–Appellee.

No. 03–16655.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

Calvin L. Jones, Vacaville, CA, Pro Se.

Robert C. Cross, Dag, Sacramento, CA, for Respondent–Appellee.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Calvin L. Jones appeals pro se the district court's denial of

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

his 28 U.S.C. § 2254 habeas petition challenging the California Board of Prison Terms' ("Board") decision finding him unsuitable for parole. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Jones contends that his procedural due process rights were violated when the Board found him unsuitable for parole. We disagree. The parole procedure "afford[ed Jones] an opportunity to be heard," and the Board's decision "inform[ed him] in what respects he f[ell] short of qualifying for parole." *See Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Further, we conclude that "some evidence" supports the Board's decision. *See Biggs v. Terhune*, 334 F.3d 910, 915–16 (9th Cir. 2003). Accordingly, the California Superior Court's determination that the Board did not violate Jones' due process rights was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

To the extent that Jones raises uncertified issues, we construe it as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.